IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY S. MORROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-128-SPB-RAL |
| ) | |
| SUPERINTENDENT MICHAEL ) | |
| CLARK, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Anthony S. Morrow ("Morrow"), an inmate at SCI-Huntingdon, filed the within civil action seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Having been tried and found guilty of criminal attempt (homicide), aggravated assault, and possession of an instrument of crime, Morrow now challenges the validity of his criminal conviction. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Morrow filed the instant petition on June 3, 2016. ECF No. 1. Following an extended stay of proceedings to pursue relief in state court, see ECF No. 29, Morrow filed an Amended Petition on August 13, 2021. Respondents filed their answer on October 18, 2021, *see* ECF No. 47, and Morrow filed his traverse on December 20, 2021. ECF No. 50.

On July 6, 2022, Chief Magistrate Judge Lanzillo issued an R&R in which he recommended that both the petition and a certificate of appealability be denied. ECF No. 51. Judge Lanzillo identified four grounds for relief in Morrow's §2254 petition, none of which he considered meritorious.

1

Morrow's first claim alleged ineffective assistance of trial counsel based on counsel's failure to properly investigate, interview, and present testimony from three witnesses present at the scene of the crime. By way of background, Morrow's convictions stemmed from the shooting of his cousin, Louis Williams, in a crowded bar. Ray Brothers, the owner of the bar, testified at trial that he "observed Morrow pursue the victim while holding a handgun in his right hand" and then "observed Morrow shoot the victim." *Commonwealth v. Morrow*, 2013 WL 11273275 (Pa. Super. Ct. Mar. 19, 2013). Brothers testified that he had "no question at all" as to who shot the victim as there was "nothing" blocking his view. *Id.* Morrow maintains that, had trial counsel conducted a proper investigation, he could have presented contradictory eyewitness testimony from three other individuals in the bar that night: Craig Cook, Jeremy Bowling, and Thomas Culpepper. In 2018, each of those individuals told an investigator that, although none of them saw the shooter, they were each with Morrow at the time of the shooting and could therefore testify that Morrow was not the shooter.

Addressing this claim, the Magistrate Judge noted that Morrow's first ground for relief had not been "fairly presented" to the state courts and, consequently, had not been exhausted and was procedurally defaulted. After carefully reviewing Morrow's PCRA petition, *see* ECF No. 41-22, the Court agrees. While Morrow's filing contained a general reference to trial counsel's "failure to properly prepare the case for trial," the deficiencies in counsel's performance identified in Morrow's PCRA petition involved the unreliability of Brother's testimony and the suggestive nature of a photo array used by the police to identify Morrow. *Id.* at 22. Morrow never mentioned the existence of alibi witnesses and, consequently, the Superior Court never had an opportunity to address this claim.[1] Moreover, as set forth in the Report and Recommendation,

---

[1] After the investigator obtained statements from Cook, Bowling, and Culpepper in 2018, Morrow filed a second PCRA petition attacking, for the first time, trial counsel's failure to present those witnesses at trial. Because the

2

the putative witnesses could have been impeached at trial on the basis of bias or potential criminal liability in the shooting, and their statements as reported by the investigator provided no significant detail or factual support. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the weight of the proposed alibi testimony, contrasted with Brother's clear and unequivocal identification of Morrow as the shooter, was insufficient to make a different trial outcome reasonably probable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (noting that "the likelihood of a different result must be substantial, not just conceivable").

Morrow's second claim alleged ineffective assistance of counsel based on trial counsel's failure to develop and present adequate impeachment testimony as to Brothers' identification of Morrow as the shooter. Morrow maintains that Brothers changed his story over time and that the description of the shooter provided by Brothers to police more closely matched another individual in the bar, Craig Cook.

As the Magistrate Judge noted, the Superior Court, addressing Morrow's ineffective assistance of trial claim on appeal from Morrow's PCRA petition, reviewed the record and determined that trial counsel "vigorously cross-examined Brothers regarding his identification of Appellant." ECF No. 10-3 at 6. The Magistrate Judge found nothing in Morrow's petition to "seriously challenge" the conclusion that trial counsel "pursued a reasonable strategy in his vigorous cross examination of Brothers." ECF No. 51 at 14. Given the strong presumption in habeas proceedings that counsel rendered adequate assistance, this Court is constrained to agree. *Strickland*, 466 U.S. at 690 (trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

---

state courts determined that his filing was untimely, procedural default again bars consideration here. *See Coniker v. Scherer*, 2021 WL 355628, at *7 (W.D. Pa. 2021). Notably, there is nothing in the record to suggest that Morrow's counsel during his first PCRA proceeding was aware of these alibi witnesses for purposes of *Martinez v. Ryan*, 566 U.S. 1 (2012).

judgment"); *Harrington v. Richter*, 562 U.S. 86, 104, (2011) ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.").

Morrow also raised claims of actual innocence and cumulative error for his third and fourth objections. For the reasons stated in the Magistrate Judge's Report, neither of these claims has merit.

In sum, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Morrow's objections thereto, the following order is entered:

NOW, this 27th day of September, 2024, IT IS ORDERED that the within petition for writ of habeas corpus shall be, and hereby is, DENIED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall be, and hereby is, DENIED, because jurists of reason would not find it debatable that Morrow failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on December 12, 2022, ECF No. [51], shall be, and hereby is, adopted as the opinion of this Court. Petitioner's objections to the Report and Recommendation, ECF No. [56], are OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge